Filed 12/9/25  P. v. Steen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KARL STEEN, JR.,<br><br>    Defendant and Appellant. | E085195<br><br>(Super.Ct.No. 16CR051367)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John M. Wilkerson, Judge.  Dismissed.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Karl Steen, Jr. appeals from the trial court's decision not to act on his petition for resentencing under Penal Code[1] section 1172.1. We conclude the trial court's decision does not constitute an appealable order and therefore dismiss the appeal.

# PROCEDURAL BACKGROUND[2]

On July 8, 2019, a jury convicted defendant of attempted first degree murder (§§ 664/187, subd. (a)) and found true the allegations that (1) he personally discharged/used a firearm causing great bodily injury or death (§ 12022.53, subds. (b), (c), (d)); (2) he personally inflicted great bodily injury (§ 12022.7, subd. (a)); and (3) he committed the offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)). In a bifurcated proceeding, the trial court found that he had three prior strike convictions (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)), and three prior serious felony convictions (§ 667, subd. (a)(1)).

On October 11, 2019, the court held a sentencing hearing. At the outset, the court stated that it had reviewed the probation officer's report, as well as the People's sentencing brief, which it intended to follow. The People's sentencing brief argued that,

---

[1] All further statutory references will be to the Penal Code, unless otherwise indicated.

[2] The underlying facts of defendant's crimes are not relevant to the issues on appeal. Thus, this opinion will not include a factual background.

as of January 1, 2019, Senate Bill No. 1393 (Senate Bill 1393) amended sections 667, subdivision (a) and 1385, subdivision (b), to allow a court to dismiss prior serious felony convictions (§ 667, subd. (a)). The People contended that it would not be in the interest of justice to dismiss or stay the punishment on defendant's prior serious felony convictions, since he had had numerous opportunities to rehabilitate. Defendant had been placed on probation in numerous cases, violated probation, and was sentenced to prison. He had also violated parole several times. The People asserted that his acts were increasing in severity, he had three prior strike convictions, and he was now before the court on a violent felony strike offense where he used a firearm and shot the victim six times.

Defense counsel did not file a sentencing brief but said he had reviewed the People's sentencing brief and was prepared to go forward. Defense counsel then simply requested that the court exercise its discretion to stay the three section 667, subdivision (a) enhancements, as well as the section 12022 enhancements.

The court proceeded to sentence defendant and imposed a sentence on all of the enhancements. It found true several aggravating circumstances, including that defendant had a criminal record which indicated a pattern of increasing serious criminal conduct, that his current crime involved cruelty and viciousness, and that he engaged in violent conduct, which indicated he was a serious danger to society. The court sentenced defendant to a total term of 25 years plus 50 years to life in state prison.

Defendant appealed but raised no issue as to sentencing  This court affirmed the judgment.  (*People v. Steen* (Sept. 22, 2020, E073893) [nonpub. opn.].)

On October 15, 2024, defendant filed a pro se petition requesting to be resentenced pursuant to Senate Bill 1393.  He acknowledged that Senate Bill 1393 went into effect on January 1, 2019 and that he was sentenced after that.  Defendant asked that he be present at the hearing on the petition and that counsel be appointed.  The court appointed counsel and set a hearing.

The People filed a brief opposing the resentencing petition, arguing that the court lacked jurisdiction to resentence defendant.  The People asked for the matter to be taken off calendar, as there was no basis to resentence him.  The People asserted that Senate Bill 1393 became effective 10 months before defendant was sentenced, that the matter of whether to strike the section 667, subdivision (a) enhancements had already been litigated and decided at the sentencing hearing in 2019, and defendant's judgment was final.  The People pointed out that, on September 22, 2020, this court affirmed the judgment and that appellate counsel did not raise any claim of abuse of discretion as to defendant's sentence, with regard to Senate Bill 1393.  The People further pointed out that the California Supreme Court denied the petition for review on December 23, 2020.

The court held a hearing on the resentencing petition on November 15, 2024. Defense counsel waived defendant's appearance and asked the court to grant the petition. Defense counsel asked that the court resentence defendant, noting the "current climate"

in the state and court system to favor resentencing defendants "who have been sentenced to these insanely long sentences." The prosecutor argued that the court had no jurisdiction since the case was not open. The prosecutor reiterated the arguments from his brief that the court already considered the issue of Senate Bill 1393 at the sentencing hearing in 2019, decided not to dismiss defendant's section 667, subdivision (a) enhancements, and sentenced him to 25 years plus 50 years to life; further, there were no issues as to Senate Bill 1393 raised on appeal, this court affirmed the judgment, and the Supreme Court denied a request to review it. The court agreed with the prosecutor that it had no jurisdiction to hear the resentencing petition and took the matter off calendar.

## DISCUSSION

### *The Appeal Must Be Dismissed*

Defendant attempts to appeal from the trial court's order declining to take action on his section 1172.1 request for resentencing. We conclude the trial court's decision is not an appealable order and dismiss.

"We begin with the fundamental principle that '[t]he right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute.'" (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045 (*Brinson*).)

Defendant asserts the trial court's order is appealable under section 1237, subdivision (b), which provides that a defendant may appeal from any postjudgment

5

order that affects the substantial rights of the party.  However, "we agree with the growing body of caselaw concluding a trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights."  (*Brinson*, *supra*, 112 Cal.App.5th at p. 1045; see *People v. Faustinos* (2025) 109 Cal.App.5th 687, 700 (*Faustinos*) and *People v. Hodge* (2025) 107 Cal.App.5th 985, 999 (*Hodge*).)

A. *The Court's Decision to Take No Action Under Section 1172.1 Did Not Affect Defendant's Substantial Rights and is Not Appealable*

"Section 1172.1 serves as a statutory exception to the general rule that a trial court lacks jurisdiction to modify a sentence after judgment is rendered and execution of the sentence has begun.  [Citation.]  In particular, section 1172.1  authorizes a trial court to 'recall a sentence and resentence a defendant "at any time" upon the recommendation of various designated correctional or law enforcement authorities. [Citation.] The trial court may also do so "on its own motion" within 120 days of the date of commitment.'"  (*Brinson*, *supra*, 112 Cal.App.5th at pp. 1045-1046.)

As relevant here, section 1172.1, subdivision (c) states:  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond." In other words, "[s]ection 1172.1 expressly denies defendants the right to file a petition for resentencing under that section, and expressly excuses the trial court from acting on

6

any such request that a defendant might nevertheless file." (*Hodge*, *supra*, 107 Cal.App.5th at p. 993.) The court in *Hodge* explained, as follows: "[A] defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Id*. at p. 996.) "If a trial court does nothing — in effect denying a defendant's request through silence — there will be no order for a defendant to appeal." (*Ibid*.)

Here, defendant was not authorized to file a petition for resentencing under section 1172.1. (§ 1172.1, subd. (c).) Thus, the trial court's decision to take the matter off calendar without acting on his request for resentencing does not affect his substantial rights and is therefore not appealable under section 1237, subdivision (b). (*Brinson*, *supra*, 112 Cal.App.5th at p. 1047; *Hodge*, *supra*, 107 Cal.App.5th at p. 996; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696 ["an appeal from an order acting on his [section 1172.1] petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights"].)

Defendant argues that the court erred as a matter of law by concluding it was without jurisdiction to consider his resentencing request and asserts that, at the time of the hearing on his petition, section 1172.1, subdivision (a)(1), as amended by Assembly Bill No. 600, provided that a court "on its own motion" may resentence a defendant "at

7

any time if the applicable sentencing laws at the time of original sentencing [had been] subsequently changed . . ."³ He proceeds to argue that the resentencing court was "operating under the old version of the statute, which "required the prosecutor's consent to convey jurisdiction under similar circumstances," and that under the current version of the statute, "no consent was required." He claims that, "under amended section 1172.1, subdivision (a)(1), the trial court had jurisdiction to resentence [him] so long as the sentencing laws had changed." Defendant appears to be arguing that the 2024 amendments to section 1172.1 make appealable the order following his unauthorized petition, as they grant the trial court discretion to initiate a resentencing on its own motion. We disagree. First, section 1172.1, subdivision (a) provides that "the court may, *on its own motion*, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law," recall and resentence a defendant. (Italics added.) Defendant asserts that the court had jurisdiction to resentence him as long as the sentencing laws had changed. However, the court here did not initiate resentencing (i.e., "on its own motion") — defendant did. Second, as this court stated in *Faustinos*, "[w]hen a court declines to act on a defendant's petition, it affects no substantial right, as a defendant's request carries neither a right to a resentencing nor an obligation for the court to consider initiating one." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 696.) In other

---

³ "Effective January 1, 2024, Assembly Bill 600 amended section 1172.1 to expand a trial court's authority to recall and resentence on its own motion." (*Brinson*, *supra*, 112 Cal.App.5th at p. 1046.)

8

words, "there is no appellate jurisdiction over an order declining to act on a defendant's unauthorized section 1172.1 petition, even though a court may initiate a resentencing on its own motion." (*Id*. at p. 697.)[4]

In his reply brief, defendant claims that "by appointing counsel and ordering the matter heard, the trial court effectively and validly initiated proceedings under [section 1172.1] subdivision (a)(1) on whether resentencing was proper . . . providing the trial court with jurisdiction over the matter." He then argues that "the interests at stake in the present case are more akin to those in [*People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*)] as opposed to those in *Faustinos*" and that we should thus follow *Loper*. However, contrary to defendant's claim, the court here appointed counsel and set a hearing *in response to his petition*. It did not initiate recall and resentencing under section 1172.1, subdivision (a)(1), "on its own motion."

Furthermore, *Loper* is distinguishable. In that case, the California Supreme Court concluded that the defendant could appeal a trial court's denial of a recommendation by the Department of Corrections and Rehabilitation (CDCR) that the defendant's sentence be recalled under section 1170, former subdivision (e) and he be granted compassionate release. (*Loper*, *supra*, 60 Cal.4th at p. 1158.) *Loper* is distinguishable because the trial

---

[4]  In his reply brief, defendant asserts that, if "the trial court's erroneous ruling is not an appealable order," this court should exercise our discretion to treat this appeal as a petition for writ of habeas corpus. He cites *People v. Boyd* (2024) 103 Cal.App.5th 56 (*Boyd*). However, *Boyd* is inapposite, since it involved treating the defendant's appeal as a petition for writ of habeas corpus, in the interest of judicial economy, where the parties agreed there was a sentencing error and the defendant was entitled to a correction. (*Id*. at pp. 71-72.) Such is not the case here.

court in that case "had an obligation to rule on the CDCR's statutorily authorized request that the defendant be granted compassionate release under section 1170, subdivision (e)." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) "The court explained that the statutory obligation this request created was a key factor in the court's conclusion that the defendant's substantial rights were at stake." (*Ibid*.; *Loper*, *supra*, 60 Cal.4th at p. 1161, fn 3.)

Here, in contrast, section 1172.1, subdivision (c), expressly states "the court is not required to respond" to a defendant's request for resentencing, and the statute provides no eligibility criteria similar to that in *Loper*. (*Hodge*, *supra*, 107 Cal.App.5th at p. 997 ["Unlike the authorized CDCR request in *Loper*, Hodge's unauthorized request for the trial court to reconsider his sentence created no statutory obligation to act in this case."].) As the court in *Hodge* concluded, "*Loper* [] supports the conclusion that a defendant's substantial rights are not affected by a trial court's denial of a request for resentencing when the trial court is not obligated to rule on such a request." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) Thus, *Loper* does not compel a different result here.

Defendant also argues that Senate Bill 1393 "is not the only law relevant to the question of whether the trial court's imposition of" the section 667, subdivision (a) enhancements "remains appropriate under current law." He goes on to discuss Senate Bill 81, "which amended section 1385 to specify mitigating circumstances that the trial court should consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16

(*Lipscomb*).)  We note that Senate Bill 81 was enacted in 2021, and defendant did not raise any claim regarding Senate Bill 81 in his resentencing petition, which he filed in 2024.  (See *Ibid*.)  In any event, Senate Bill 81 does not make the court's decision not to act on defendant's unauthorized resentencing petition appealable.

We note defendant's additional claim that "nothing within the record [] would allow us to conclude that, had the court been aware it had the discretion to consider [his] request for resentencing, that it would *not* have scheduled a resentencing hearing and, thereafter, resentenced [him] more favorably."  Defendant's claim lacks merit.  Again, the court had no discretion to consider his petition for resentencing, since it was unauthorized.  (See *ante*.)  Moreover, as the People point out, the court already considered the issue of Senate Bill 1393 at the sentencing hearing in 2019 and decided not to dismiss the section 667, subdivision (a) enhancements.  The court chose to impose sentence on all the enhancements, noting that defendant had a criminal record which indicated a pattern of increasing serious criminal conduct, that his current crime involved cruelty and viciousness, and that he engaged in violent conduct, which indicated he was a serious danger to society.

Finally, we note defendant's alternative claim that, if we conclude his appellate challenges were forfeited, he received ineffective assistance of counsel (IAC), since his attorney "fail[ed] to raise the trial court's authority under section 1172.1, subdivision (a)(1) and/or the relevance of [Senate Bill] 81, in response to the prosecution's jurisdictional argument."  In his reply brief, defendant adds that, given the trial court

11

found he was "deserving" of a hearing on his resentencing petition and the appointment of counsel, he had "a vested interest in . . . counsel who would actually protect his interests." In light of our conclusion that defendant's motion was unauthorized and the court was not obligated to rule on it, we need not address defendant's IAC claim.

Ultimately, for the reasons discussed, there is no appealable order. Therefore, we will dismiss the appeal. (See *Hodge*, *supra*, 107 Cal.App.5th at pp. 995-996, 998-999, 1000; *Faustinos*, *supra*, 109 Cal.App.5th at p. 692; *Brinson*, *supra*, 112 Cal.App.5th at p. 1044.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                                    J.

We concur:

RAMIREZ
                P. J.
McKINSTER
                J.